UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ADRIANNE L. BIELLER**                                              **CIVIL ACTION**

**VERSUS**                                                           **NO. 16-512**

**ATLANTIC SPECIALTY INSURANCE COMPANY**                             **SECTION "B"(4)**

<u>ORDER AND REASONS</u>

Before the Court is Defendant Atlantic Specialty Insurance Company's ("Atlantic") "Motion to Dismiss." Rec. Doc. 5. Plaintiff filed a "Memorandum in Opposition" and Defendant filed a "Reply Memorandum." Rec. Docs. 9, 12. For the foregoing reasons,

**IT IS ORDERED** that the Motion is **DENIED**.

This case arises out of an automobile accident that occurred on September 15, 2014 in Covington, Louisiana. Rec. Doc. 14-3 at 1. According to the initial petition, Plaintiff, Adrianne L. Bieller (hereinafter "Bieller" or "Plaintiff"), was on duty for the St. Tammany Parish Sheriff's Office ("STPSO") in a marked patrol car when Ashley Miller ("Miller") rear-ended her vehicle, causing her significant injuries. Rec. Doc. 14-3 at 1. Plaintiff claims that Miller was an uninsured or underinsured motorist and that the automobile insurance policy issued to the STPSO by Atlantic covered Bieller "for the negligence of an owner and/or operator of an uninsured or underinsured motor vehicle."

Atlantic seeks dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming

1

that the STPSO waived uninsured motorist ("UM") coverage.[1] Defendant argues that the waiver bars Plaintiff from recovering on her claims. Plaintiff contends that the waiver is invalid because it is not signed by the named insured or anyone with authorization to act as the insured's legal representative. In reply, Defendant maintains that the waiver and affidavits attached to the Motion to Dismiss support the claim of a valid UM waiver.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party can move to dismiss a complaint for failure to state a claim upon which relief can be granted. Such motions are viewed with disfavor and rarely granted. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982)). When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 1949 (2009)) (internal quotation marks omitted). A claim is

---

[1] Initially, Defendant also claimed that Plaintiff's claims had prescribed under Louisiana Civil Code article 3942. Rec. Doc. 5-3. However, Defendant subsequently withdrew that argument. Rec. Docs. 13, 15.

2

facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While courts typically cannot consider evidence outside of the pleadings in the context of a motion to dismiss, a court may consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The United States Court of Appeals for the Fifth Circuit made clear that a district court's consideration of documents attached to a motion to dismiss is limited "to documents that are referred to in the plaintiff's complaint *and* are central to the plaintiff's claim." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (emphasis added).

Defendant argues that this Court can consider the UM waiver because the petition references the insurance policy, and the UM waiver "was completed as a part of the applicable insurance policy issued by Atlantic." Rec. Doc. 5-3 at 7. Defendant also claims that the Court should consider the waiver because it "is essential to the determination of whether the plaintiff has stated a viable claim against any UM coverage provided by Atlantic." Rec. Doc. 5-3 at 4.

The original petition does not reference the UM waiver, it only references the insurance policy, meaning only the insurance policy is subject to the incorporation-by-reference doctrine. The

3

UM waiver form is evidently not part of the policy as the policy itself notes that certain "non-policy" forms were sent with the policy, including the "UM/UIM BODILY INJURY COVERAGE SELECTION FORM."[2] Rec. Doc. 5-5 at 3. Finally, the UM waiver is not central or essential to Plaintiff's claims. Rather, it is central to Atlantic's defense that the STPSO waived UM coverage. Accordingly, the Court finds that consideration of the UM Waiver is not appropriate in the context of a motion to dismiss.

A district court may, in its discretion, treat a motion to dismiss as a motion for summary judgment and consider evidence outside of the pleadings. *See* Fed. R. Civ. P. 12(d); *Soley v. Star & Herald Co.*, 390 F.2d 364, 366 (5th Cir. 1968). Here, however, doing so would prove premature considering the dispute over the effectivity of the waiver and the stage of this litigation. Nevertheless, the UM waiver is found to comply in form and substance with applicable state laws, as further corroborated by the sheriff's affidavit relative to authenticity of his designated representative to reject UM coverage. However, applicable state law also provides, and we further find here, the UM waiver creates a "rebuttable" presumption that the insured knowingly rejected coverage. La. R.S. § 22:1295(1)(a)(ii). While Plaintiff has not

---

[2] Louisiana Revised Statute § 22:1295(1)(a)(ii) provides that the form "shall be conclusively presumed to become a part of the policy or contract when issued and delivered," but there is no evidence here that the form was issued and delivered.

4

presented evidence to rebut that presumption at this stage of the case, we feel constrained out of fairness to offer her an opportunity to develop and present that evidence in discovery. We further find that the majority opinion in *Terrell v. Fontenot*, 2011-1472, (La. App. 4 Cir. 6/27/12); 96 So. 3d 658, is applicable and controlling authority here. The parties may revisit the issue on a motion for summary judgment once they have conducted further discovery. Consequently, the motion to dismiss is denied.

New Orleans, Louisiana, this 9th day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE