UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ADRIANNE L. BIELLER**                               **CIVIL ACTION**

**VERSUS**                                            **NO. 16-512**

**ATLANTIC SPECIALTY INSURANCE**                      **SECTION "B"(4)**
**COMPANY**

### ORDER AND REASONS

Considering Defendant's "Motion to Alter or Amend Order and Reasons on Motion for Summary Judgment Pursuant to Fed. R. Civ. Proc. 59(e) or, in the Alternative, Motion for Certification and Motion to Stay Pursuant to 28 U.S.C. § 1292(b)" (Rec. Doc. 37),

**IT IS ORDERED** that the motion is **GRANTED IN PART**. This Court's earlier Order (Rec. Doc. 34) will be amended to include a subsequent history citation and explanatory footnote. The motion is **DENIED IN PART** insofar as it requests that this Court reverse its earlier Order or permit an interlocutory appeal.

On January 10, 2017, this Court issued an Order and Reasons denying Defendant's motion for summary judgment. Rec. Doc. 34. In that Order, we discussed *Liberty Mutual Insurance Company v. Grant Parish Sheriff's Department*, 350 So. 2d 236 (La. App. 3 Cir. Aug. 30, 1977) in an attempt to better understand the rationale for existing Louisiana law that provides the sheriff, not his or her department, with the procedural capacity to sue or be sued. *Id.* at 11-13. Defendant now moves for an order amending our earlier Order and granting its motion for summary judgment, because *Liberty*

1

*Mutual* was subsequently overruled. Rec. Doc. 37-1 at 3-4[1] (citing *Jenkins v. Jefferson Par. Sheriff's Office*, 402 So. 2d 669, 671 (La. 1981)). However, the fact that *Liberty Mutual*'s holding was overruled has no impact on this Court's earlier Order.

In discussing *Liberty Mutual* we were considering the earliest case that we could find explaining why a sheriff, not his or her department, may sue or be sued. Rec. Doc. 34 at 11.[2] The Louisiana Third Circuit's holding, that a current sheriff could not be held liable for the negligent acts that occurred under a former sheriff, was irrelevant. It was merely the court's finding that a sheriff's department could not be sued, and the rationale for that finding, that we considered. Notably, *Liberty Mutual* continues to be cited as one of the earliest cases, if not the earliest case, recognizing this rule. *See, e.g. Green v. New Orleans Police Dep't*, No. 12-1992, 2013 WL 5739076, at *3 and n.6 (E.D. La. Oct. 22, 2013) (recognizing that Louisiana does not provide any law enforcement office or department with the legal status necessary to be sued and that *Jenkins* only overruled *Liberty Mutual* insofar as the Third Circuit held that a present sheriff could not be liable for the negligent acts committed under a former sheriff); *Webster v. City*

---

[1] Note, Defendant's memorandum in support of its motion was not numbered correctly. *See* Rec. Doc. 37-1. We will cite to the page number of the record document, rather than the page number included by Defendant.

[2] In fact, we explicitly stated that the case merely "provide[d] some insight into the manner in which Louisiana courts and the Louisiana legislature views sheriff's offices." Rec. Doc. 34 at 13.

*of Ferriday*, No. 16-575, 2016 WL 7041716, at *1 (W.D. La. Sept. 27, 2016); *Lemon v. Kenner Police Dep't*, No. 16-6631, 2016 WL 3950771, at *5 (E.D. La. July 1, 2016) (Magistrate Judge's report and recommendation); *Barron v. Hilton*, No. 14-2754, 2015 WL 1198111, at *2 (W.D. La. March 10, 2015); *Ashy v. Migues*, 99-1502, p. 3 (La. App. 3 Cir. 4/5/00); 760 So. 2d 440, 443 (recognizing that the "Sheriff, not the 'Parish Sheriff's Office,' is the constitutionally designated chief law enforcement officer of the parish").

We denied Defendant's motion for summary judgment because (1) Louisiana law gives the sheriff, not his or her department, the procedural capacity to sue and be sued; (2) Louisiana statutes provide that the sheriff, not his or her department, may contract for insurance; (3) unlike the type of entity at issue in *Terrell v. Fontenot*, 11-1472 (La. App. 4 Cir. 6/27/12); 96 So. 3d 658, which cannot act on its own behalf, a sheriff can; (4) the goal in creating a corporation or other business organization is to create a separate legal entity, while the goal in electing a sheriff is to provide an individual person with authority in a particular jurisdiction; (5) the holding in *Holloway v. Shelter Mutual Insurance Company*, 03-896 (La. App. 3 Cir. 12/10/03); 861 So. 2d 763, providing that if an individual person wishes to confer authority to sign a UM waiver, he or she must do so in writing; and (6) a rejection of UM coverage must be clear and unmistakable.

Defendant's instant motion to amend our earlier Order has not convinced us to rule otherwise.

Nonetheless, our earlier Order will be amended to add a subsequent history citation and a footnote to make it clear that we are, and were, aware of both *Jenkins* and *Riley v. Evangeline Parish Sheriff's Office*, 94-202 (La. 4/4/1994); 637 So. 2d 395, 395.[3]

New Orleans, Louisiana, this 7th day of February, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] It is not clear from Defendant's motion, but to the extent that Defendant believes this Court read *Liberty Mutual* in a way, and was persuaded by such reading, that the sheriff is held personally liable, it is mistaken. Whether or not a sheriff is held liable in his or her personal or official capacity is irrelevant to our ruling. What matters is that it is the individual sheriff, not his or her department, who has the procedural capacity to sue or be sued and that it is the sheriff who must sign a UM waiver or confer authority to do so in writing. When we stated that "in light of *Liberty Mutual* . . . (providing that it is the individual sheriff who is held liable)," (Rec. Doc. 34 at 19) we were referring to the fact that the sheriff, an individual person and not his or her department, must sue or be sued. We were not suggesting that the sheriff is held personally liable. Indeed, the sentence continues, in the same clause, "in light of *Liberty Mutual* . . . <u>and its progeny</u> (recognizing that a sheriff, not his or her office, has the procedural capacity to sue or be sued) . . . ." Rec. Doc. 34 at 19 (emphasis added). Defendant appears to have misunderstood this Court's ruling, citing several cases in which courts have found that a sheriff is not personally liable. Rec. Doc. 37-1 at 8 (citing *Jenkins*, 402 So. 2d at 671; *Riley*, 637 So. 2d at 395; *Salvagio*, No. 13-5182, 2013 WL 6623921, at *2 (E.D. La. Dec. 16, 2013); *Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 614 (E.D. La. 1998)). In fact, the cases cited and quotations used by Defendant only support our earlier finding, because they each refer to the potential liability of the sheriff, <u>not his or her department</u>. *Jenkins*, 402 So. 2d at 671 ("the sheriff is the appropriate governmental entity on which to place responsibility . . . ."); *Riley*, 637 So. 2d at 395 ("We amend the judgment to permit its enforcement against the present sheriff in his official capacity"); *Salvagio*, 2013 WL 6623921, at *2 ("sheriff in his official capacity is the appropriate governmental entity on which to place responsibility"); *Jones*, 4 F. Supp. 2d at 614 ("The Sheriff in his official capacity is the appropriate governmental entity responsible for any constitutional violations committed by his office"). Nevertheless, to avoid any confusion, we will omit the parenthetical that concerns Defendant.

4