```
           UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF LOUISIANA
```

**ADRIANNE L. BIELLER**                              **CIVIL ACTION**

**VERSUS**                                           **NO. 16-512**

**ATLANTIC SPECIALTY INSURANCE**                     **SECTION "B"(4)**
**COMPANY**

<u>**OPINION**</u>

Before the Court are cross-motions for summary judgment as to the applicability of the insurance policy's self-insured retention provisions and Defendant's entitlement to credits for medical expenses and lost wages paid to Plaintiff. Rec. Docs. 44-45.[1] Both parties timely filed memoranda in response. Rec. Docs. 46-47. For the reasons discussed below,

**The Court finds that** it is Defendant's burden to show that the self-insured retention amounts were not exhausted. The remaining issues in the motions and orally presented at today's hearing will be resolved after briefing on recently discovered information.

I. <u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

As previously discussed, this case arises out of a September 15, 2014 motor vehicle accident. Rec. Doc. 14-3 at 1. On that date, Adrianne L. Bieller ("Plaintiff") was traveling south on U.S. Highway 21 and, while stopped in traffic, was rear-ended by a

---

[1] Plaintiff styles her motion as a motion *in limine* (Rec. Doc. 45), while Defendant simply styles its motion as a motion for determination (Rec. Doc. 44). Nonetheless, the motions will be treated as cross-motions for summary judgment under Federal Rule of Civil Procedure 56.

vehicle driven by Ashley E. Miller. *Id.* At the time of the accident, Plaintiff was on duty and in a marked patrol car for the St. Tammany Parish Sheriff's Office ("STPSO"). *Id.* Plaintiff alleges that Ms. Miller was an uninsured or underinsured motorist ("UM"), but that Atlantic Specialty Insurance Company ("Defendant") previously issued insurance to the STPSO that covered Plaintiff's vehicle for the negligence of an owner and/or operator of an uninsured or underinsured vehicle. *Id.* at 1-2. Consequently, on December 7, 2015 Plaintiff filed suit against Defendant in the 22nd Judicial District Court for the Parish of St. Tammany. *Id.* at 1-2.

On January 21, 2016, Defendant filed a notice of removal pursuant to 28 U.S.C. § 1332. Rec. Doc. 1 at 1. Thereafter, on January 10, 2017, this Court denied Defendant's motion for summary judgment, finding that the UM waiver signed by an STPSO employee was invalid. *See* Rec. Docs. 34, 41. During a conference with the Court on February 9, 2017, the parties informed the Court of an ongoing legal dispute regarding the self-insured retention ("SIR") provisions in the insurance policy issued by Defendant to the STPSO. Rec. Doc. 43. At that time, we continued the scheduled trial date, ordered the parties to brief the SIR issue, and scheduled oral arguments for March 6, 2017. *Id.*

## II. LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting F̲ED̲. R. C̲IV̲. P. 56(c)). *See also TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact

warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

As a threshold matter, the parties disagree as to who has the burden of proving whether or not the SIR amounts were exhausted.

According to Plaintiff, it is Defendant's burden to show that the SIR was not exhausted. Rec. Doc. 45-1 at 9. Plaintiff relies on a single case from the Louisiana Third Circuit. In *Venissat v. St. Paul Fire and Marine Insurance Company*, after a sheriff's department deputy rear-ended a civilian, the civilian sued the deputy, the sheriff's department, and the department's insurer. 06-987 (La. App. 3 Cir. 8/15/07); 968 So. 2d 1063, *opinion amended on reh'g* (11/7/07). After a jury returned a verdict of $83,000 in favor of the civilian, the court entered a judgment naming all of the defendants liable. *Id.* at 1075. The insurer objected, noting that the policy included a SIR endorsement of $250,000 per accident. *Id.* On appeal, the Louisiana Third Circuit found that the trial court did not manifestly err when it named the insurer as a liable defendant. *Id.* According to the court,

> The plaintiffs bore the burden of establishing that the policy coverage applied. *Ho v. State Farm Mut. Auto Ins. Co.*, 03-480 (La. App. 3 Cir. 12/31/03); 862 So. 2d 1278. The burden rested with the insurer . . . however, to establish the existence of any policy limits or exclusions. *Tunstall v. Stierwald*, 01-1765 (La. 2/26/02); 809 So. 2d 916. We find that the plaintiffs

> satisfactorily carried the burden of establishing coverage for their damages by introducing into evidence the automobile liability policy issued by [the insurer] to the [sheriff's department], without objection, and by eliciting the testimony of the [sheriff's department's] risk manager, who testified that the terms of the policy provided coverage for the damages caused in the accident at issue. However, we find that the defendants did not satisfy their burden of showing any applicable limitations on this coverage.

*Id.* Defendant notes that "no other Court, whether in Louisiana or elsewhere in the United States, has ever found a SIR is a 'policy limit.'" Rec. Doc. 47 at 6-7 (citing *Pinnacle Pines Cmty. Ass'n v. Everest Nat'l Ins. Co.*, No. 12-8202, 2014 WL 1875166, at *3 (D. Ariz. May 9, 2014) (where the court recognized that *Venissat* placed the burden on the insurer to demonstrate that a SIR was exhausted based on Louisiana law that the insurer has the burden of establishing any policy "limits" or "exclusions;" because Arizona law imposed on insurers only the burden to establish the applicability of "exclusions" and the SIR could not be considered an "exclusion," the burden was on the plaintiff to show that the SIR amount was exhausted).

Further, Defendant maintains that UM coverage is only provided if the SIR is exceeded in the judgment. *Id.* at 5 (citing *Griffin v. La. Farm Bureau Mut. Ins. Co.*, 03-1107 (La. App. 5 Cir. 1/27/04); 866 So. 2d 929, 931 (where the policy explicitly provided that "[t]he policy limits . . . will be for the excess of the following retained amounts: $25,000 Ultimate Net Loss for each

occurrence," so the Louisiana Fifth Circuit concluded that "the inclusion of the SIR for UM does not indicate the intent to pay the first $25,000 of UM coverage. The only UM coverage that comes into play, is if the damages exceed $25,000"); *Johnson v. Howard*, 03-0557 (La. App. 3 Cir. 11/5/03); 859 So. 2d 949, 949-50 (where the policy provided liability and UM coverage, subject to a SIR of $100,000, the insured (a parish) argued that, as a self-insured political subdivision, it was not required to provide UM coverage because, under Louisiana law, a self-insured entity is not required to provide such coverage within the SIR limit; the insured pointed to *Tybussek*, in which the Louisiana Fourth Circuit found that self-insurers are not obligated to provide UM coverage, because UM coverage is only required if an insurance policy is "purchased;" the Louisiana Third Circuit agreed with the insured and found that the insured was not required to provide UM coverage within its SIR); *Tybussek v. Wong*, 96-1981 (La. App. 4 Cir. 2/26/97); 690 So. 2d 225, *writ denied,* 97-0766 (La. 5/1/97), 693 So. 2d 731, *writ denied,* 97-0795 (La. 5/1/97); 693 So. 2d 734) (where the policy "clearly state[d]" that the insured was self-insured for the first $100,000, the insured was "not required to provide UM coverage within the [SIR] limit"). In *Griffin*, the policy provided a SIR amount that explicitly applied to UM coverage. We are unaware of any similar provision here. *Johnson* and *Tybussek*, however, appear

to suggest that the STPSO does not have to provide UM coverage within the $500,000 SIR.

Accordingly Defendant also uses these cases to suggest that exhausting the SIR is a suspensive condition to coverage. Rec. Doc. 44-1 at 5-6 (citing LA. CIV. CODE ANN. art. 1767 ["A conditional obligation is one dependent on an uncertain event. If the obligation may not be enforced until the uncertain event occurs, the condition is suspensive"]; Rec. Doc. 44-6 at 1 ["We will pay all sums in excess of the [SIR] Amount an 'insured' legally must pay as damages"]). Defendant thus appears to imply that, because coverage is based upon a suspensive condition, it is Plaintiff's burden to show that the suspensive condition was fulfilled.

Most significantly, Defendant notes that, in Louisiana, it is the plaintiff's burden to prove the existence of coverage under an insurance policy. Rec. Doc. 44-1 at 6 (citing *Caffery v. White*, 02-857 (La. App. 3 Cir. 2/12/03); 846 So. 2d 771, 776 ["The burden of proof is on the plaintiff to establish every fact essential to his claim and that his claim is within the insurance policy coverage"] [citations omitted]; *Tunstall* 809 So. 2d at 921 ["In an action under an insurance contract, the insured bears the burden of proving the existence of the policy and coverage"] [citations omitted]; *Davidson v. United Fire & Cas. Co.*, 576 So. 2d 586, 590 (La. App. 4 Cir. 1991) ["A party seeking to recover under an insurance policy has the burden of pleading and proving that his

claim falls within the terms and conditions of the policy"] [citations omitted]). Because "[c]overage does not exist under the [instant] policy unless the per-accident and/or Aggregate SIRs are exceeded," Defendant maintains that it is Plaintiff's burden to prove that the SIR was fulfilled. Rec. Doc. 47 at 7.

Despite all of the cases and rules cited, Defendant did not provide to the Court any case or rule that specifically states that it is Plaintiff's burden under Louisiana law to demonstrate that the SIR amount was exhausted. On the other hand, Plaintiff pointed this Court to *Venissat*, a Louisiana Third Circuit case that, though distinguishable from the instant case in its posture, appears to clearly provide that it is the insurer's burden to prove that the SIR was not exhausted. This rule seems reasonable, given that it is generally the insurer's burden to prove any policy limits or exclusions (*see Tunstall*, 809 So. 2d at 921) and the fact that this information would be more readily available to the insurer than the claimant. Additionally, recent discovery indicates that the insurer-defendant adjusted the instant claim, including the SIR amounts paid by its insured. It is Defendant's burden to show that the SIR was not exhausted.

New Orleans, Louisiana this 6th day of March, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE